Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered June 9, 2009. The judgment convicted defendant, upon a jury verdict, of arson in the third degree and insurance fraud in the second degree.
It is hereby ordered that the judgment so appealed from is reversed on the law and a new trial is granted.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of arson in the third degree (Penal Law § 150.10) and insurance fraud in the second degree (§ 176.25). *1292 The conviction stems from defendant’s efforts to obtain the proceeds of an insurance policy covering his residence, which was damaged by a fire.
Defendant contends in his main and pro se supplemental briefs that the evidence is legally insufficient to support the conviction and that the verdict is against the weight of the evidence. We reject those contentions. Viewing the evidence in the light most favorable to the People (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences to support the jury’s finding that defendant committed the crimes of which he was convicted based on the evidence presented at trial (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally Bleakley, 69 NY2d at 495).
Defendant contends in his pro se supplemental brief that County Court failed to apprise him of a jury note requesting exhibits, and that such failure constitutes a mode of proceedings error requiring reversal of the judgment, even if unpreserved (see People v O’Rama, 78 NY2d 270, 279-280 [1991]; see also CPL 310.30). We agree. CPL 310.20 (1) provides that, upon retiring to deliberate, the jurors may take with them “[a]ny exhibits received in evidence at the trial which the court, after according the parties an opportunity to be heard upon the matter, in its discretion permits them to take” (emphasis added). CPL 310.30 provides that, “[a]t any time during its deliberation, the jury may request the court for further instruction or information with respect to the content or substance of any trial evidence . . . Upon such a request, the court must direct that the jury be returned to the courtroom and, after notice to both the people and counsel for the defendant, and in the presence of the defendant, must give such requested information or instruction as the court deems proper” (emphasis added). Here, as part of its instructions to the jury, the court informed the jurors that “[e]xhibits that were received in evidence are available, upon your request, for your inspection and consideration.” The court, however, neither elicited on the record whether defendant, who proceeded pro se at trial, waived his right to be present when such a request was made nor informed defendant on the record that the exhibits would be given to the jury without reconvening. Prior to receiving the jury’s verdict, the court indicated that it had received a jury note “that has been marked as a Court Exhibit which was just the jury requesting *1293 certain items of evidence that had already been admitted and received in evidence, that they were provided with those items pursuant to discussions we had and what they were told before deliberations.” We note that those “discussions” do not appear to have been transcribed, and no agreement by defendant to forego the right to be present for the receipt of jury notes appears in the record before us. Inasmuch as the court failed to obtain defendant’s express agreement waiving his right to be present for the reading of the jury note at issue, we conclude that the court committed a mode of proceedings error when it provided exhibits to the jury in response to a jury note without notice to defendant, thereby requiring reversal of the judgment and a new trial (cf. People v King, 56 AD3d 1193, 1194 [2008], lv denied 11 NY3d 926 [2009]; People v Mitchell, 46 AD3d 480, 480 [2007], lv denied 10 NY3d 842 [2008]; People v Knudsen, 34 AD3d 496, 497 [2006]).
In view of our decision, we do not address defendant’s remaining contentions in his main and pro se supplemental briefs.
All concur except Smith, J.E, who dissents and votes to affirm in the following memorandum.